CITY OF NEW ORLEANS v. R. D. SHEPPARD.

The recital in a notarial act signed by a party, or in a petition in court signed by his attorney at law, describing said party as being "of the city of New Orleans," or "residing in New Orleans," will not conclude him in another action from denying that he is a citizen of Louisiana.

A citizen of another state being sued for municipal taxes in a State court, is entitled to have such suit transferred to the Circuit Court of the United States.

APPEAL from Fifth District Court of New Orleans, *Augustin*, J.

*J. Livingston*, City Attorney, for plaintiff. *A. K. Josephs* and *Durant & Horner*, for defendant, appellant.

SLIDELL, C. J. The defendant being sued in the Fifth District Court of New Orleans for an amount alleged to be due for municipal taxes, took a rule to show cause why the suit should not be transferred to the Circuit Court of the United States for the Eastern District of Louisiana. After hearing evidence, the District Judge refused an order of transfer, and the defendant appealed.

The material facts presented by the evidence is as follows: The defendant had been for several years a resident, and avowedly a citizen of Louisiana. But about six years since, according to the testimony of several witnesses who were intimate with him, and who are not contradicted by other witnesses, the defendant announced his determination to reside on his farm at Shepherdstown, Virginia. From that period they say he began to occupy a dwelling-house there, then recently finished, and which is his only domestic establishment. It is kept up by his servants during his temporary absences. He has expended about sixty thousand dollars in the improvement of this estate, and personally superintends the cultivation of the farm. For several years past some of those witnesses say he has uniformly refused to vote in New Orleans when requested to do so, declaring he was no longer a citizen of Louisiana. It appears, however, that the defendant comes annually to New Orleans in the month of November, and stays until some time in April, when he returns to his estate in Virginia; that he has large interests in New Orleans, real and personal, but for several years past has ceased to transact a commercial business here. It also appears that since 1847, about which period the intention to change his residence was, according to the witnesses, carried into effect, he is spoken of in a notarial act signed by him, and in three petitions filed by his counsel, as being "of New Orleans," or "residing in New Orleans;" while in the registry of a vessel, he is described as of Shepherdstown, Virginia. In qualifying here as executor of the estate of a wealthy friend, he submitted to the onerous requisition of giving bond under the statute as a non-resident; this however being at a date subsequent to the institution of this suit.

Although the circumstances above enumerated are somewhat conflicting, our conclusion from the whole is that the defendant has acquired a domicil in Virginia, *facto et unimo*, and is entitled to be considered as a citizen of that State. Shepherdstown is considered by himself and his friends, and has fairly become, his permanent residence and *home*; New Orleans, on the contrary, a place of temporary sojourn during about five months of the year. See *Succession of Franklin*, 7 Annual, 395; *Hill* v. *Spangenburg*, 4 Annual, 411.

It is evident the District Judge would have come to a similar conclusion but for a single consideration, to which, in our opinion, he attached an undue importance. He remarks as follows: "The concurrent testimony of respectable

witnesses establishes beyond a doubt that since the year 1846, *R. D. Shepherd* has fixed his residence in Shepherdstown, Virginia, that he resides there upon a farm, which he has extensively improved, during eight months in the year, that he keeps there his domestic establishment, and that during four months, comprising the winter months, he lives in New Orleans at the residence of his friend, *J. Touro.* It is also in proof that *R. D. Shepherd,* for a great many years anterior to his removal to his new home in Virginia was a citizen of the State of Louisiana, and that he is now in possession of a large amount of property located in the city of New Orleans.   The intention and fact of changing his domicil would therefore have been conclusively established if the defendant had not made positive declarations directly contradicting the issue which he has made in the present case.   These declarations are to be found in several notarial acts produced in evidence, and in the records of two judicial proceedings instituted before the court by *R. D. Shepherd* in the year 1852, containing allegations that in that same year the defendant was a resident of the city of New Orleans.   These declarations emanating from the defendant himself in 1852, are certainly in opposition to any idea of his intention having been definitely formed of changing his domicil as early as in the year 1846.

These contradictions have excited in the mind of the court serious doubts as to the real intention of the defendant in regard to his domicil."

There are in evidence but four documents of date posterior to 1847 which contains the recitals " of New Orleans," and " residing in New Orleans," to which the District Judge has attributed so much significance.   It is true that such descriptive words used in notarial acts and judicial proceedings are admissible in evidence against the defendant, and are fair subjects of consideration in connection with other facts touching the question of domicil.   But it must be observed of these recitals, that in none of the occasions upon which they were used were they essential averments; they were not material either as regards the contract in which this occurred, or the jurisdiction of the court to which they were addressed; they were inserted in one case by a notary, in the other by an attorney at law, and being immaterial to the matters in hand may not have received the deliberative attention of *Shepherd.*   See *Hill* v. *Spangenburg,* 4 Annual, 555 ; *Davis* v. *Benion,* 5 Annual, 348.   They are overshadowed in the present case by other facts, continuous acts done by *Shepherd,* and declarations immediately and deliberately emanating from him at a time not suspicious.

As to the objection that the city of New Orleans is not a citizen of the State in whose court it has brought suit against the defendant within the intendment of the Constitution and act of Congress, is sufficient to say that the objection is inconsistent with the ruling of the Supreme Court of the United States in repeated cases.   See 2 Howard, 497 ; 16 Howard, 314.   If this court should undertake to treat this question as *res nova,* and could arrive at an opposite conclusion, the plaintiff would gain a fruitless victory, and be mulcted in the costs and expense of a reversal upon writ of error.

The proposition that the right of transfer does not apply to this case, by reason of the character of the claim, is untenable.

It is therefore decreed that the judgments of the District Court be reversed ; and it is further decreed that this cause be remanded to the said District Court with instructions to said Court to grant an order of transfer to the Circuit Court of the United States as prayed for, the costs of the appeal to be paid by the plaintiff.